## J. W. Mitchell *v.* McDavitt, James & Co.

1. Sale: *Fraud. Evidence. Verdict unsupported.*

   Where a claimant of personal property seized under execution, introduces in evidence a bill of sale from the debtor, executed prior to the date of the judgment, conveying the property to him in part satisfaction of a trust-deed, and the testimony of the claimant and the debtor in support of the transaction is not unreasonable or improbable, and not contradicted by any positive evidence, a judgment for plaintiff should be set aside as unsupported, although the property was found in defendant's possession, and there were circumstances that, unexplained, might have cast a suspicion on the good faith of the sale.

2. Practice. *Claimant's issue. Appeal to circuit court. New affidavit.*

   In such case, the fact that the claimant, through mistake, made affidavit

in the justice court, claiming as trustee in the trust-deed, and, after appeal to the circuit court, filed an amended affidavit claiming as agent for the beneficiary, was of no importance, and should not operate to his prejudice.

FROM the circuit court of DeSoto county.

HON. EUGENE JOHNSON, Judge.

In July, 1891, McDavitt, James & Co. recovered a judgment in the justice court against the firm of Thos. Fox & Co. and Thos. Fox individually, and caused an execution thereon to be levied on three mules as the property of Thos. Fox. Thereupon, appellant, Mitchell, filed a claimant's affidavit and bond. The affidavit recited that the mules levied on were not the property of Thos. Fox, but belonged to the claimant, as trustee in a trust-deed executed by Thos. Fox to secure an indebtedness to H. L. Fox. Issue was joined on this claim, and the trial in the justice court resulted in a judgment for claimant, and an appeal was taken to the circuit court. Without obtaining leave of court, Mitchell filed another affidavit, in which he claimed the mules in controversy as agent for H. L. Fox. Thereupon, plaintiffs in execution moved the court to strike this affidavit from the files, because the case had been tried in the justice court on an issue made between plaintiffs and Mitchell as trustee, and not as agent, for H. L. Fox, and because H. L. Fox was not a party to that issue, and could not become such by merely presenting an affidavit, unaccompanied by a bond. This motion was sustained, and the second affidavit stricken from the files, and the parties proceeded to trial upon the issue as previously made up.

The plaintiffs introduced in evidence their judgment, and showed that the execution was levied upon the mules while in the possession of the defendant, Thos. Fox, and on this testimony rested.

The claimant offered in evidence a trust-deed executed in April, 1891, by Thos. Fox, by which he conveyed to Mitchell, as trustee, certain land and personal property to secure an

indebtedness of about $2,200 to H. L. Fox. The personal property embraced in the trust-deed consisted of about thirty-seven head of cattle and twenty-one mules and horses, and certain farming implements, and the trust-deed recited a previous lien on all the property in favor of Mrs. R. C. Miller for $4,000. The mules and cattle were not specifically described, the conveyance being merely of "thirty-seven head of cattle" and "twenty-one head of mules and horses." The note secured by the trust-deed was also offered in evidence, and it showed various credits "by cotton," "by cattle" and "by mules." The claimant contended that these had been delivered by Thos. Fox to him, to be applied in part payment of the note, and that the mules in controversy had been thus delivered.

The plaintiff in execution moved the court to exclude the trust-deed and note, because of the insufficiency of the description of the personal property sought to be conveyed, and because the claimant, under his affidavit as *trustee*, was seeking to litigate in the capacity of *agent* for H. L. Fox. The court excluded the trust-deed from evidence, but refused to exclude the note. The claimant then offered in evidence a bill of sale for five mules from Thos. Fox to himself, dated April 23, 1891; and this, as the testimony showed, embraced the three mules in controversy. Plaintiffs in execution also moved to exclude this bill of sale, because it tended to show title in Mitchell as agent instead of trustee for H. L. Fox. The court overruled this motion, and admitted the bill of sale in evidence.

Mitchell supported his claim by the testimony of himself and of Thos. Fox, which was to the effect that, shortly after the execution of the note and trust-deed, Thos. Fox sent to Mitchell five mules to be sold and credited on the note; that H. L. Fox consented to take them at an agreed price, which was credited on the note, and the mules were placed in a livery-stable to be sold. They were kept there about ten days, and then returned to the farm of Thos. Fox for past-

urage, Thos. Fox giving Mitchell a receipt for them, recit-
ing that he held them subject to Mitchell's order. While
thus in the possession of Thos. Fox, they were seized under
the execution issued on the judgment of appellees, McDavitt,
James & Co. Mitchell testified that when the levy was made,
he notified the officer that the three mules in controversy
belonged to H. L. Fox. The testimony of Mitchell was, in
the main, corroborated by that of Thos. Fox, and there was
no direct evidence introduced by plaintiffs in execution to
rebut their testimony as to the facts connected with the sale.
These witnesses were cross-examined at great length, and
certain facts and circumstances were developed which, it is
contended by counsel for the appellees, show the transaction
between Thos. Fox and H. L. Fox to be fraudulent. Those
mostly relied on are that Thos. Fox, at the time the trust-
deed was executed, was much embarrassed financially; that
all the property embraced in the trust-deed was subject to the
prior trust-deed to Mrs. Miller, and that the mules claimed to
have been turned over to Mitchell for H. L. Fox were taken
from the farm of Thos. Fox in the spring of the year, when
they were most needed, and this was shortly after the execu-
tion of the trust-deed, and nearly a year before the debt se-
cured by it would mature; that H. L. Fox was a brother of
Thos. Fox, and Mitchell was his partner in business; that
when the mules were thus delivered to be credited on the
unmatured debt to H. L. Fox, Thos. Fox was being pressed
by other creditors whose debts were due; that Thos. Fox
was unable, as a witness, to give a description of the mules
which had been turned over to Mitchell at various times to
be sold and credited on his indebtedness; and, finally, that
Mitchell had first filed an affidavit, in which he claimed the
mules, not as agent, but as trustee, for H. L. Fox, and had
afterwards written to the attorneys of the plaintiffs stating
that he was acting only as trustee.

For the plaintiffs the court instructed the jury that it
should find for the plaintiffs, unless it was shown that the

mules were sold to Mitchell in good faith before the levy of the execution, and that the jury was not bound to take the uncontradicted testimony of the witnesses as true if the facts and circumstances in evidence satisfied the jury that the sale from Fox to Mitchell was fraudulent. The verdict of the jury was in favor of plaintiffs. Judgment was entered accordingly, and, after motion for new trial overruled, the claimant appeals.

*R. L. Dabney* and *Calvin Perkins*, for appellant.

It was error to strike from the files the amended affidavit. The property was in *custodia legis*, and a claim could be interposed at any time. *Dreyfus* v. *Meyer*, 69 Miss., 282. The claimant was not estopped by the character of title asserted in his first affidavit.

Whether the trust-deed was sufficient in its description of the property or not, it tended to prove the good faith of the sale to the claimant, and it was error to exclude it.

There was nothing to cast suspicion upon the testimony of the claimant or his witness, Fox. They were corroborated by the documentary evidence. The verdict was contrary to the evidence.

*A. S. Buchanan,* for appellees.

1. The second affidavit was not an amendment of the first. It was, in effect, the propounding of a new claim in the circuit court. In the second affidavit Mitchell did not claim as trustee, as he had done in the justice court, but claimed as agent. Besides, he suffered no wrong in the striking out of the second affidavit, because the court permitted him to show his rights as agent.

2. There was no error in excluding the trust-deed. The description of the property was clearly insufficient. 63 Miss., 91; 60 *Ib.*, 385; 58 *Ib.*, 36; 57 *Ib.*, 89.

3. It was proper to instruct the jury that, if it believed from the facts and circumstances in evidence that the sale

was fraudulent, it could find for the plaintiffs, notwithstanding the testimony of the witnesses. This is correct as an abstract principle of law, and it was applicable to the facts of this case.

4. The verdict was not contrary to the evidence. A review of the testimony will show that the jury was fully warranted in finding that the transaction was fraudulent. There was a conflict between the testimony of the witnesses and the facts and circumstances proven, and the jury found for the plaintiffs, and every presumption is to be indulged in favor of the verdict. *Harris* v. *Halliday*, 4 How., 338; *Gay* v. *Lemle*, 32 Miss., 309; *Garland* v. *Stewart*, 31 *Ib.*, 314; *Peck* v. *Thompson*, 23 *Ib.*, 367; *Watson* v. *Dickens*, 12 Smed. & M., 608; *Woods* v. *Gibbs*, 35 *Ib.*, 559. Where a witness is contradicted by the facts and circumstances, the jury must judge as to the credibility of the witness, and a new trial will not be granted. *Stovall* v. *Bank*, 8 Smed. & M., 305.

Campbell, C. J., delivered the opinion of the court.

This record does not disclose any just ground for the verdict, which should have been set aside. There is nothing unreasonable or improbable in the testimony of the witnesses, and it discloses a transaction which divested the judgment-debtor of any interest in the property before the right of the judgment creditors attached.

The fact that Mitchell, the trustee, committed the blunder of making claim as such, and afterwards made affidavit of ownership by H. L. Fox, and testified to that on the trial, amounted to nothing, and yet that was made much of, and probably was very influential in producing the result which we think is unwarrantable. Let another trial be had.

*Reversed and remanded.*